IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **ALEXANDER MANUFACTURING COMPANY and TRIUNE MARKETING, LLC,**<br><br>    **Plaintiffs,**<br><br>  vs.<br><br>**LYNN KING,**<br><br>  Serve At: 1264 N. Keebler<br>             Collinsville, IL  62234<br><br>    **Defendant.** | **CASE NO.:** 4:18-cv-1761 |

**VERIFIED COMPLAINT**

Comes now Plaintiffs, Alexander Manufacturing Company ("AMC") and Triune Creative, LLC ("Triune"), by and through their undersigned counsel, and for its causes of action states as follows:

### I.         INTRODUCTION

1. This is an action to redress Defendant's computer related fraud, abuse and tampering, breach of contract, misappropriation of trade secrets, tortious interference with contractual relationships, and violation of her common law duty of loyalty.

2. By this action, AMC and Triune also seek a temporary restraining order and further injunctive relief requiring Defendant to comply with her statutory and common law obligations with regard to AMC and Triune's documents, data, information and property, requiring her to return any improperly obtained information, and enjoining Defendant from improperly using such information to her competitive advantage.

1

3. AMC and Triune also seek damages including compensatory and punitive damages, attorneys' fees, court costs and other expenses based on the claims brought herein.

4. AMC and Triune also seek any other equitable relief to prevent Defendant and others from utilizing AMC and Triune's Trade Secret Information, including but not limited to, an order enjoining her from sharing any of AMC or Triune's Trade Secret Information with American Carnival Mart, its affiliates, or any other person or entities associated therewith.

## II.     THE PARTIES

5. Plaintiff AMC is a Missouri corporation with its principal place of business at 12978 Tesson Ferry Road, St. Louis, Missouri 63128.

6. Plaintiff Triune is a Missouri corporation with its principal place of business at 10810 Kennerly Road, St. Louis, MO 63128.

7. Plaintiff Triune and AMC are related business entities with common ownership.

8. AMC and Triune are in the highly competitive industry of manufacturing and sales of products and services relating to incentives, premiums, specialty advertising business gifts, and fulfillment programs.

9. Upon information and belief, Defendant is a citizen of the State of Missouri and resides at 1264 N. Keebler, Collinsville, Illinois, 62234.

10. Defendant worked for AMC and Triune from April 3, 2017 to September 20, 2018, as the Director of Promotional Products Sales and Support and Sales Director.

## III.     JURISDICTION AND VENUE

11. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, based on Counts I and II of this complaint, which are claims brought under the Computer Fraud & Abuse

Act ("CFAA") 18 U.S.C. § 1030 *et seq.* and the Defend Trade Secrets Act ("DTSA") 18 U.S.C. § 1836 *et seq.*

12. This Court is permitted to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, regarding the remaining Counts against Defendant.

13. Venue is appropriate in this Court inasmuch as the Plaintiff and Defendant reside or otherwise can be found within the District, Defendant was employed by Plaintiff within the District, and the causes of action against Defendant arise from acts committed within the District.

## IV. EVENTS GIVING RISE TO ALL CAUSES OF ACTION

### A. AMC And Triune's Business

14. AMC and Triune specialize in the highly competitive business of manufacturing and distribution of promotional products to customers on a national basis from its operations and facilities in Missouri and Illinois.

15. AMC and Triune consider certain confidential customer, production, and business information to be trade secrets (hereinafter "Trade Secret Information"). This Trade Secret Information includes but is not limited to certain reports (which contain specific information regarding customers), customer lists, prospect lists, pricing information, customer preferences, presentation material, costs and processes, proprietary vendors, profit margins, proprietary processes, and formulae.

16. The Trade Secret Information is not generally known to the public nor readily ascertainable by proper means.

17. The Trade Secret Information was developed at considerable cost and expense over a period of years. It would require, at a minimum, a number of years, and considerable time and expense, to recreate even a portion of this Trade Secret Information through lawful means. The

3

possession and/or use of such information would give AMC and Triune's competitors an unfair economic advantage in developing, marketing and selling their products.

18. AMC and Triune used, and continue to use, reasonable and diligent efforts to maintain the secrecy and protect its Trade Secret Information. These efforts include but are not limited to prohibiting access to the information by the general public, adopting employment policies, including confidentiality, return of property, and electronic media policies, to protect the confidentiality of the Trade Secret Information. In addition, AMC and Triune maintain extensive security at its facility located at 12978 Tesson Ferry Rd., St. Louis, MO 63128, including requiring the use of keys and an alarm code to enter the building during non-business hours, requiring employees to keep highly confidential and proprietary information locked in their desks or filing cabinets, and requiring employees to use a password to enter AMC and Triune's computer network.

19. The Trade Secret Information derives independent economic value from not being generally known to, and not being readily ascertainable by proper means, by other persons who can obtain economic value from its disclosure or use.

20. By reason of the above, the Trade Secret Information and/or portions thereof, constitute trade secrets within the meaning of Defense of Trade Secrets Act and the Missouri Uniform Trade Secrets Act.

**B.    Defendant King's Employment with AMC**

21. AMC and Triune devote substantial resources to the recruitment, training, and compensation of their employees so they can perform the necessary services for clients, as well as develop and nurture the close relationships necessary to keep clients and client referral sources satisfied, and did so with Defendant.

22. Defendant began her employment with AMC and Triune on or around April 3, 2018.

23. During her employment with AMC and Triune, Defendant performed sales related functions as the Director of Promotional Sales and Product Support and Sales Director.

24. In her capacities as Director of Promotional Sales and Product Support and Sales Director, Defendant King had direct, continuous, and extensive access to, and acquired considerable knowledge concerning, AMC and Triune's Trade Secret Information.

25. In her capacity as a Sales Director, Defendant became well acquainted with AMC and Triune's customers and clients and with their needs and future plans as well as with all secret methods and processes used by AMC and Triune in the conduct of business. Moreover, Defendant acquired personal knowledge of, and acquaintance and friendship with, AMC and Triune's customers to such an extent as to place the goodwill of AMC and Triune and the retention of its customers in a large measure within the custody of Defendant. In furtherance of this, AMC and Triune invested substantial sums of money to train Defendant in order to facilitate Defendant becoming more effective in her job duties and responsibilities as a Sales Director, which enhanced Defendant's standing and goodwill with AMC and Triune's customers and clients which in turn benefited AMC and Triune's business.

26. With this access, Defendant became well acquainted with AMC and Triune's customers and clients and with their needs and future plans as well as with all secret methods and processes used by AMC and Triune in the conduct of its business. Moreover, Defendant acquired personal knowledge of AMC and Triune's customers to such an extent as to place the goodwill of AMC and Triune and the retention of their customers in a large measure within the custody of Defendant.

27. Furthermore, during her employment, Defendant had access to written, printed, and electronic information regarding AMC and Triune's business, including its sales and marketing strategies to retain and grow its business with current and potential customers, production techniques, product formularies, customer lists, sales and order information, strategic planning, merchandising and marketing methods, and business expansion plans.

28. Defendant was informed and aware that the Trade Secret Information was confidential and proprietary.

29. Defendant was further aware of valid business expectancies and contracts between AMC and its clients and customers.

30. On September 13, 2018, Defendant voluntarily resigned her employment with AMC and Triune. Defendant's last day of employment with AMC and Triune was on September 20, 2018.

31. On September 19, 2018, AMC and Triune discovered that Defendant was improperly accessing client files belonging to AMC and Triune.

32. Defendant claimed she was accessing customer files with prior knowledge of Shelly Land, the promotional Support and Sales Coordinator at Triune who reported to Defendant (in other words, Land was Defendant's subordinate employee).

33. However, upon investigation, AMC and Triune learned Defendant accessed the files without Land's knowledge.

34. Upon further investigation, AMC and Triune discovered evidence of further wrongdoing by Defendant, including Plaintiff having forwarded AMC and Triune's proprietary information to her own personal email account and taking AMC and Triune's physical client files out of the building and placing them in her car.

35. AMC and Triune also discovered Defendant emailed at least one AMC/Triune client to falsely claim AMC and Triune were not going to continue performing certain business activities in the future and informing the client of her impending move to a different company.

36. AMC and Triune's information and belief is that Defendant has taken and used its Trade Secret Information for the benefit of herself and her new employer.

37. In light of Defendant's wrongdoing, AMC and Triune terminated her employment on September 20, 2018.

38. On or about September 20, 2018, AMC hand-delivered a letter from its undersigned counsel to Defendant demanding she comply with her legal obligations not to use or disclose its confidential information.

39. Subsequently, undersigned counsel and counsel for Plaintiff communicated with each other regarding this matter.

**C.      Defendant's Current Employment**

40. Upon information and belief, and based on communications between the parties' attorneys, Defendant is currently employed by American Carnival Mart, a direct competitor of AMC.

41. Upon information and belief, Defendant's first day of work at American Carnival Mart was October 1, 2018.

42. Like AMC, American Carnival Mart is a manufacturer and supplier in the promotional products industry.

**V.      CLAIMS**

**COUNT I – VIOLATIONS OF THE COMPUTER FRAUD AND ABUSE ACT**

43. AMC and Triune incorporate by reference as if fully restated herein their allegations contained in Paragraphs 1 through 42 above.

44. Upon information and belief, Defendant fraudulently or intentionally exceeded her authorization to access AMC and Triune's protected computers and protected computer network during her employment but after she knew she would be resigning her employment with AMC and Triune and beginning to work for American Carnival Mart.

45. At the time she engaged in such conduct, Defendant was acting in her own business interests.

46. Defendant's actions have damaged AMC and/or AMC has sustained a loss in the amount of at least $5,000 due to its discovery that Defendant had deleted, copied, printed, transferred, downloaded, and/or e-mailed confidential and trade secret information from AMC.

WHEREFORE, Plaintiffs AMC and Triune pray for judgment in their favor and against Defendant pursuant to this Count I, including AMC and Triune's compensatory damages, the costs and expenses incurred with regard to performing a forensic examination of Defendant's computer, injunctive and other equitable relief, reasonable costs and attorneys' fees, and for such other and further relief as the Court deems just and proper.

### COUNT II – VIOLATION OF THE DEFEND TRADE SECRETS ACT

47. AMC and Triune incorporate by reference as if fully restated herein their allegations contained in Paragraphs 1 through 47 above.

48. AMC and Triune's Trade Secret Information constitute trade secrets within the meaning of the Defend Trade Secrets Act of 2016 (DTSA), 18 U.S.C. § 1836, *et seq.*, in that it constitutes information, including but not limited to, financial, business, technical, or economic information, including patterns, plans, compilations, formulas, methods, techniques, processes,

8

procedures, or programs that derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, another person who can obtain economic value from its disclosure or use, and it has been the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

49. Any misappropriation or improper use of AMC or Triune's Trade Secret Information constitutes a violation of the DTSA.

50. Defendant is prohibited by the DTSA from using or disclosing AMC or Triune's confidential and proprietary information and trade secrets outside the course and scope of her employment with AMC and Triune.

51. Defendant has attempted to acquire AMC and Triune's Trade Secret Information through improper means and, upon information and belief, has acquired and/or used AMC and Triune's Trade Secret Information through improper means.

52. The violations of the DTSA described in this Complaint are actual and continuous and may result in Defendant's unjust enrichment and will cause, and continue to cause, lost business, lost profits and other serious irreparable harm and injury to AMC and Triune, their business operations, relationships, and goodwill. Such actual or threatened misappropriation must be enjoined.

53. AMC and Triune are entitled to damages, including the actual losses caused by the misappropriation and unjust enrichment caused by the misappropriation.

54. By reason of the foregoing, AMC and Triune have been damaged, in an amount which cannot be determined with certainty at this time, and has suffered and continues to suffer irreparable harm and injury.

55. Unless permanently enjoined, Defendant will persist in the above-described unlawful misconduct, causing AMC and Triune continuing harm for which they have no adequate remedy at law.

56. The harm AMC and Triune may suffer if Defendant is not restrained as requested herein far outweighs the harm Defendant would suffer from entry of injunctive relief.

57. Through the factual allegations contained herein, AMC and Triune have established a likelihood of success on the merits, that there exists no adequate remedy at law, and that a balancing of equities favors entry of an injunction against Defendant.

WHEREFORE, Plaintiffs' pray for judgment in their favor and against Defendant under Count II of Plaintiff's Complaint as follows:

    A. Defendant be temporarily, preliminarily, and permanently enjoined and restrained as follows:

        i. That Defendant will keep at all times confidential and shall not divulge, reveal, or disclose any of AMC or Triune's trade secrets, financial, business, technical, or economic information that is confidential or proprietary information including patterns, plans, compilations, formulas, methods, techniques, processes, procedures, or programs, customer names, and other information related to customers, price lists, pricing policies, as well as any information described above, including sales, sales profits, or relative sales performance of sales people, that AMC and Triune treat as proprietary or confidential information.

        ii. That Defendant shall be restrained from contacting any AMC or Triune customers or clients.

        iii. That Defendant shall return to AMC and Triune all originals and all copies of documents (electronic or otherwise) that are proprietary, confidential, and/or trade secret information that Defendant obtained, learned, created, or was made aware of during her employment with AMC and Triune.

        iv. That Defendant is prohibited from using, relying upon, or disclosing to American Carnival Mart or any affiliate or any other person or entity any Trade Secret Information of AMC or Triune acquired by Defendant in the course of her employment by AMC and Triune.

      v. That Defendant is restrained from deleting, destroying, duplicating, or copying any of AMC or Triune's documents and property, whether electronic or otherwise, that is currently in her possession or control.

      vi. For an Order requiring Defendant to maintain and preserve all computerized or other electronically stored information on her business and personal computers.

      vii. For an Order requiring Defendant to immediately return all AMC and Triune information currently in her possession or control, whether in electronic or other form.

B. Defendant be required to return to AMC and Triune all originals and all copies of documents (electronic or otherwise) that contain confidential trade secret information, including trade secret documents concerning AMC and Triune's sales performance, employee sales and profitability performance, and/or customers, that Defendant obtained learned, created, or was made aware of during her employment with AMC and Triune.

C. For an accounting of all monies and profits realized by Defendant as a result of the conduct alleged herein and for other damages that may be determined and fixed by this Court.

D. For damages for actual losses, unjust enrichment, or other damages caused by Defendant's misappropriation of AMC and Triune's trade secrets;

E. For exemplary damages for Defendant's willful and malicious misappropriation of AMC and Triune's trade secrets; and

F. For such other and further relief as the Court deems just and proper.

## COUNT III – VIOLATION OF THE MISSOURI TRADE SECRETS ACT

58. AMC and Triune incorporate by reference as if fully restated herein their allegations contained in Paragraphs 1 through 57 above

59. In her employment with AMC and Triune, Defendant had access to or obtained confidential information of AMC and Triune, including: names, addresses, price lists, purchasing histories and requirements of customers and potential customers; company financial and sales reports, sales and service manuals and bulletins; product cost information and patterns; marketing strategies; and other similar information. On information and belief, Defendant has shared some

11

or all of this information with American Carnival Mart or inevitably will be put in a position of sharing or using such information during her employment with American Carnival Mart.

60. Defendant had and continues to have a duty and obligation to not use or disclose AMC or Triune's trade secret or other confidential information, documents, and property, which is protected by the common law of the State of Missouri and, by virtue of its composition, content, and nature, constitutes trade secrets pursuant to the Missouri Uniform Trade Secrets Act, § 417.450, *et seq*.

61. Such misappropriation was for the purpose of the solicitation of business and sales from AMC or Triune's existing or potential customers.

62. To allow Defendant to obtain substantial benefit from such protected information of AMC and Triune would unjustly enrich Defendant and American Carnival Mart at AMC and Triune's expense.

63. The aforesaid acts of Defendant were without the knowledge, consent, or authorization of AMC or Triune and constitute misappropriation of the property, business value and goodwill of AMC and Triune in violation of the common law of the State of Missouri and § 417.450, *et seq*.

64. As a result of Defendant's actions and conduct in misappropriating AMC and Triune's proprietary and confidential trade secret information, their documents and property, AMC and Triune has, is, and shall continue to sustain damage in the future, including loss and wrongful use of property, lost profits, lost goodwill and lost competitive advantage suffered prior to their receiving injunctive relief in an amount that cannot be known with certainty.

65. The misappropriation of AMC and Triune's trade secrets by Defendant is outrageous because of Defendant's evil motives or reckless indifference to AMC and Triune's

rights, and warrants the imposition of punitive damages so as to punish Defendant and to deter her and others from such outrageous conduct in the future.

66. As a result of Defendant's actions and conduct in misappropriating AMC and Triune's proprietary and confidential trade secret information, its documents and property, AMC and Triune is and shall continue to be subject to immediate irreparable harm and damage including loss of confidential information, property and equipment, current and future business, and diversion and interference with existing and prospective business relationships, unless this Court in the exercise of equitable jurisdiction, grants to AMC the injunctive relief prayed for herein.

67. AMC and Triune will suffer irreparable harm if Defendant is permitted to contact its customers and clients on her own behalf or on behalf of her new employer.

68. Unless enjoined, Defendant will persist, to AMC and Triune's continuing harm, in the above-described unlawful behavior, for the redress of which AMC and Triune have no adequate remedy at law.

69. The harm which AMC and Triune may suffer if Defendant is not restrained as requested herein far outweighs the harm Defendant would suffer from the entry of such injunctive relief.

70. Through the factual allegations contained herein, AMC and Triune have established a likelihood of success on the merits, that there exists no adequate remedy at law, and a balancing of the equities favors the entry of an injunction against Defendant.

71. By reasons of the acts alleged herein, AMC and Triune has been injured and damaged in an amount to be determined at trial and because its remedy at law is inadequate, seeks injunctive relief to protect its confidential, proprietary and competitively valuable customer and supplier information, its goodwill, and other legitimate business interests.

WHEREFORE, Plaintiff, AMC and Triune pray for judgment in their favor and against Defendant under Count III of Plaintiff's Complaint for compensatory and punitive damages and for costs and attorneys' fees in an amount fair and reasonable, injunctive relieve, and for further relief the Court deems just and proper.

### COUNT IV – BREACH OF DUTY OF LOYALTY TO AMC AND TRIUNE

72. AMC and Triune incorporate by reference as if fully restated herein their allegations contained in Paragraphs 1 through 71 above

73. During the term of her employment with AMC and Triune, Defendant owed AMC and Triune a duty of loyalty.

74. During the term of her employment with AMC and Triune, Defendant acted contrary to Plaintiff's interests.

75. During the term of her employment with AMC and Triune, Defendant acted in direct competition with Plaintiff.

76. Defendant's breach of her duty of loyalty to AMC and Triune has caused AMC and Triune to suffer damages in an amount to be determined at trial and for which AMC and Triune now sues.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendant under Count IV of Plaintiff's Complaint for compensatory and punitive damages, and for costs and attorneys' fees in an amount fair and reasonable, injunctive relief, and for further relief the Court deems just and proper.

### COUNT V – VIOLATION OF MISSOURI STATUTE AGAINST TAMPERING WITH COMPUTER DATA AND EQUIPMENT

75. AMC and Triune incorporate by reference as if fully restated herein their allegations contained in Paragraphs 1 through 74 above

14

76. Defendant knowingly and without authorization, or without reasonable grounds to believe she had such authorization, disclosed or took data, programs, or supporting documentation, residing or existing internal or external to a computer, computer system or computer network owned by AMC and Triune.

77. Additionally or alternatively, Defendant knowingly and without authorization, or without reasonable grounds to believe she had such authorization, received, retained, used or disclosed data she knew or believed was obtained in the manner described in paragraph 76 above.

78. Defendant's activities described above in this Count V violated §§ 537.525 and 569.095, RSMo.

79. As a consequence and proximate result of Defendant tampering with AMC and Triune's computer, computer system and/or computer network, AMC and Triune have suffered and will continue to suffer pecuniary loss in the form of actual and compensatory damages.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendant pursuant to this Count V and for an award for its compensatory damages, attorneys' fees, and expenditures reasonably and necessarily incurred by AMC and Triune to verify that the computer, computer system, computer program, computer service or data was not altered, damaged or deleted by Defendant's unauthorized access, equitable and injunctive relief, as well as for further relief the Court deems just and reasonable.

## COUNT VI – CONVERSION

80. AMC and Triune incorporate by reference as if fully restated herein their allegations contained in Paragraphs 1 through 79 above.

81. After her resignation and her last day of work on September 20, 2018, Defendant assumed the right of ownership over personal property belonging to AMC and Triune including,

but not limited to, documents, information, data, products, samples, strategies, sales spreadsheets and other items identified in this Complaint.

82. The assumption by Defendant of right of ownership over the personal property described above was without AMC and Triune's authorization and, upon information and belief, Defendant has continued to exercise ownership of said property even though AMC and Triune has made demands for return of said property and even though Defendant has returned some of these things she had in her possession after her last day of work.

83. Defendant is under a continuing obligation to return said property.

84. Defendant's conduct was willful and malicious and performed with an evil motive and with a reckless indifference to AMC and Triune's rights entitling AMC and Triune to punitive damages.

WHEREFORE, Plaintiffs pray for judgment in its favor and against Defendant pursuant to this Count VI, including but not limited to compensatory and punitive damages, as well as injunctive relief, an award for AMC and Triune's attorneys' fees, and any further relief the Court deems just and reasonable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff AMC and Triune pray for the following relief pursuant to Counts I through VI of its Complaint:

(a) a Temporary, Preliminary, and Permanent Injunction on the final trial of this cause enjoining Defendant, according to the terms set forth in this Complaint and AMC and Triune's Motion for Temporary Restraining Order;

(b) an order enjoining Defendant from sharing any of AMC or Triune's Trade Secret Information with American Carnival Mart, its affiliates, or any other person or entities associated therewith;

(c) an order requiring Defendant to immediately return all proprietary, confidential, and trade secret information belonging to AMC and Triune;

16

(d) an award as and for AMC and Triune's actual, compensatory, and economic damages;

(e) insofar as Defendant's wrongful conduct is willful, wanton, malicious, and done with the intent of causing injury, AMC and Triune is entitled to an award of punitive damages against Defendant;

(f) to the extent that AMC and Triune have been required to retain the services of the undersigned attorneys to bring the present action and has agreed to pay them reasonable attorneys' fees for their services, and to the extent authorized by statute, contract or otherwise, AMC and Triune also seek an award for its reasonable and necessary attorneys' fees incurred in connection with this lawsuit;

(g) an award for AMC and Triune's court costs and other taxable expenses, including the attorneys' fees and costs associated with forensic examination of AMC and Triune's laptop computer used by Defendant during her employment; and

(h) for further relief the Court deems just and reasonable.

    Respectfully submitted,

    OGLETREE, DEAKINS, NASH,
    SMOAK & STEWART, P.C.


By: /s/Burton D. Garland
    Burton D. Garland, Jr.,    #46720MO
    William M. Lawson,    #40477MO
    7700 Bonhomme Avenue, Suite 650
    St. Louis, Missouri 63105
    Telephone: (314) 802-3935
    Facsimile: (314) 802-3936
    Burton.Garland@ogletreedeakins.com
    William.Lawson@ogletreedeakins.com

    Attorneys for Plaintiffs

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, Bret Slane, certify under penalty of perjury as follows:

1. I am the Vice President of Alexander Manufacturing Co., the plaintiff in this action; and

2. The facts alleged in the Verified Complaint are based upon matters known personally to me and/or on information provided to me by others, and are true and correct to the best of my knowledge, information, and belief.

Dated: October 15, 2018

_____
Bret Slane